UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PETER SCHUTT,

    Plaintiff,

v.                              Case No:   2:13-cv-370-FtM-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

### OPINION AND ORDER

This cause is before the Court on Plaintiff's Complaint (Doc. 1) filed on May 16, 2013. Plaintiff, Peter Schutt seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **affirmed** pursuant to §205(g) of the Social Security Act, 42 U.S.C. §405(g).

**I.   Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

**A.   Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§423(d)(2),

1382(a)(3); 20 C.F.R. §§404.1505 - 404.1511, 416.905 - 416.911.   Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner.   *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987).

### B.   Procedural History

On December 9, 2009, Plaintiff filed an application for Disability Insurance Benefits alleging a disability onset date of October 1, 2008. (Tr. p. 137-140, 149-152). Plaintiff's application was denied initially on March 2, 2010, and denied upon reconsideration on August 26, 2010. (Tr. p. 80-83, 85-86).   A hearing was held before Administrative Law Judge Marcus Christ ("ALJ") on October 17, 2011.   (Tr. p. 38-72).   The ALJ issued an unfavorable decision on November 8, 2011.   (Tr. p. 23-31).   On March 19, 2013, the Appeals Council denied Plaintiff's request for review. (Tr. p. 1-6).   The Plaintiff filed a Complaint (Doc. 1) in the United States District Court on May 16, 2013.   This case is now ripe for review.   The parties consented to proceed before a United States Magistrate Judge for all proceedings.   (Doc. 16).

### C.   Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled.   *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).   An ALJ must determine whether the claimant (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004).   The claimant has the burden of proof through step four and then the burden shifts to

the Commissioner at step five.  *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ determined that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2010. (Tr. p. 25). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from October 1, 2008, the alleged onset date and December 31, 2010, the date last insured. (Tr. p. 25).   At step two, the ALJ found that the Plaintiff suffered from the following severe impairments: back disorder and arthritis of the shoulder (20 C.F.R. 404.1520(c). (Tr. p. 25).   At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526).   (Tr. p. 27).   At step 4, the ALJ determined that the Plaintiff has the residual functional capacity ("RFC") to perform light work. (Tr. p. 27).   He further found that Plaintiff

> can lift and carry up to 20 pounds occasionally and 10 pounds frequently and stand, walk, and sit for 6 hours each in an 8-hour work day.  The claimant should not climb ladders, ropes, or scaffolds.   The claimant can occasionally climb ramps and stairs, crouch, kneel, and crawl.  The claimant can occasionally overhead reach with his right arm and perform frequent fine manipulation.  The claimant should avoid concentrated exposure to unprotected heights.

Tr. p. 27. The ALJ determined that Plaintiff could return to his past relevant work as a security guard and this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. p. 30).

**D.   Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether

the findings are supported by substantial evidence, *Richardson v. Perales,* 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote,* 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II. Analysis**

Plaintiff raises three issues on appeal. As stated by Plaintiff, they are:

1) Whether the ALJ properly considered the opinion of orthopedist. Dr. Ahearn. given that the ALJ is required to state with particularity when accepting or rejecting medical opinions and provide reasons for accepting or rejecting them; given that the ALJ gave "some weight" to Dr. Ahearn's opinion as it is generally consistent with the record and otherwise provided no reason for accepting or rejecting it; and given that the ALJ then

failed to provide any reasons for his failure to include Dr. Ahearn's standing and sitting limitations in the Plaintiff's RFC.

2)  Whether the ALJ properly found that the Plaintiff can return to his past relevant work as a "security guard" given that the exertional requirement of this work (lifting 100 pounds or more) exceeded the Plaintiff's residual functional capacity ("RFC") (lifting no more than 20 pounds); given that the ALJ may not bifurcate past relevant work according to its least demanding function when determining whether the individual could perform it as generally performed; and given that Commissioner's own policies instruct ALJ's not to evaluate "composite work" at step four under the "generally performed" test.

3)  Whether the ALJ properly determined that the Plaintiff's past relevant work as a "security guard" was in fact past relevant work, given that the Plaintiff only earned $1,702.78 while working there.

**A.   Consideration of Dr. Ahearn's Medical Opinion**

Plaintiff asserts that the ALJ erred in failing to explain with particularity the weight he gave to the opinion of Dr. Ahearn. Specifically, Plaintiff argues that the ALJ erred in failing to include the following limitations found by Dr. Ahearn in Plaintiff's RFC: unable to stand for more than 30 minutes at a time, unable to perform work requiring stooping and bending, and unable to perform work that requires sitting such as data entry station or a work station which would then require a sit/stand option.   The Commissioner argues that the ALJ considered Dr. Ahearn's opinion and gave it some weight, but decided that some of the limitations found by Dr. Ahearn were not consistent with the evidence of record.

Mason Ahearn, M.D. of Bay Orthopaedic Associations was an examining state agency physician. (Tr. p. 422). Dr. Ahearn reviewed Plaintiff's medical records and conducted a physical examination of Plaintiff. (Tr. p. 422). Dr. Ahearn noted that Plaintiff complained of constant low back pain, intermittent right sciatica, and pain and arthritis in his right shoulder and hands. (Tr. p. 422). Dr. Ahearn noted that Plaintiff lives by himself and is able to cook, clean, do light yard work, go to church, walk his two dogs, and socialize with friends. (Tr. p. 422). Dr. Ahearn noted that Plaintiff drives without a handicapped sticker, and pushes a cart at Wal-Mart and Food Lion. (Tr. p. 422). Dr. Ahearn noted that Plaintiff spends his day, taking care of his two dogs, taking them for long walks twice daily, and doing some fishing. (Tr. p. 422).

Dr. Ahearn found that Plaintiff had a normal gait and stance. (Tr. p. 423). He was able to get on and off the examining table rapidly, walked on heels and toes without difficulty, did tandem and heel-toe gait, could do a full squat, had full cervical range of motion, and had full range in all joints with the exception of his right shoulder. (Tr. p. 423). Plaintiff's right shoulder abducted 120 degrees and forward flexed 120 degrees with pain. (Tr. p. 421, 423). Dr. Ahearn found that the right shoulder had crepitation on internal and external rotation at 90 degrees abduction. (Tr. p. 423).

Dr. Ahearn found no tenderness in the AC joint, and that Plaintiff had normal gross mechanical dexterity on the JMAR and good fine mechanical dexterity. (Tr. p. 423). Dr. Ahearn noted that Plaintiff abducted and adducted his fingers, made and unmade his fists, opposed fingertips to thumb tips in sequence and thumb tips to hypothenar eminences rapidly. (Tr. p. 423). Plaintiff had lumbar forward flexion to fingertips even with ankles, a good reversal of lumbar curve on extension, good lateral rotational bending, and a well-healed midline low lumbar laminectomy scar. (T. p. 423). Dr. Ahearn ordered x-rays of the lumbar spine and found very

definite degenerative changes with disc space narrowing of the L5-S1 and L4-5 and some lipping in the lumbar level above. (Tr. p. 423). Dr. Ahearn concluded that Plaintiff had very definite lumbar arthritic and discogenic chronic disease despite a prior laminectomy.  (Tr. p. 423).  He determined that Plaintiff has evidence of arthritis in his right shoulder with very mild problems in his hand.   Dr. Ahearn concluded that Plaintiff

> cannot do any job involving standing more than 30 minutes at a time, stooping, bending, single lifting over 25 pounds, repetitive lifting, working with catwalks or ladders, repeated flights of stairs.   He cannot sit at a work station or a data entry station because of his lumbar problem.   Given these restrictions, this patient is capable of light gainful activity.   He could work as a telephone receptionist, he could do light office work with frequent changes of position.   He could [do] library work.   He could [do] light delivery work involving frequent changes of driving position.

(Tr. p. 423-24).

The ALJ included some of Dr. Ahearn's findings in his Decision. (Tr. p. 28).   The ALJ noted that Dr. Ahearn found Plaintiff to have a normal gait and station; was able to get on and off the examination table rapidly; could walk on his heels and toes without difficulty; did tandem and heel-toe gait; was able to flex his lumbar forward where his fingertips were even with his ankles; had negative straight leg test on the left; was only mildly positive on the right leg test; and had a full range of motion in his lower extremities with no musculature atrophy or weakness. (Tr. p. 28). The ALJ considered Dr. Ahearn's opinion and stated that Dr. Ahearn concluded that Plaintiff was able to perform a range of light work with some limitations.   (Tr. p. 29).   The ALJ concluded that "[a]s this opinion is generally consistent with the overall evidence of record and supported by a physical examination, it is accorded some weight."   (Tr. p. 29).

An ALJ is required to state with particularity the weight he gives to the medical opinions of record and the reasons why. *Shaw v. Astrue*, 392 F. App'x 684, 686 (11th Cir. 2010)[1], (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)), See also, *McCloud v. Barnhart*, 166 F. App'x 410, 418-19 (11th Cir. 2006).   Without such a statement, the reviewing court is unable to determine whether the decision of the Commissioner was supported by substantial evidence. *Id*. (citation omitted). "Generally, the opinions of examining or treating physicians are given more weight than non-examining or non-treating physicians unless 'good cause' is shown. *Poellnitz v. Astrue*, 349 F. App'x 500, 502 (11th Cir. 2009) (citing 20 C.F.R. §404.1527(d)(1), (2), (5); and *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). A doctor's opinion may be discredited when it is contrary to or unsupported by the evidence of record, or the opinion is inconsistent with the doctor's own medical records. *Id*. (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004)). "Where an ALJ articulates specific reasons for failing to accord the opinion of a treating or examining physician controlling weight and those reasons are supported by substantial evidence, there is no reversible error." *Id*. (citing *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005)).

The ALJ set forth some but not all of the findings of Dr. Ahearn. They both agreed that Plaintiff was able to perform light work with limitations. The ALJ found that Dr. Ahearn's opinion was "generally consistent with the overall evidence of record and supported by a physical examination" and accorded it "some weight."   (Tr. p. 29).   The ALJ determined that Plaintiff could not climb ladders, ropes, or scaffolds; could occasionally climb ramps and stairs, crouch,

---

1 Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

kneel, and crawl; could occasionally reach overhead with his right arm; could perform frequent find manipulation; and must avoid concentrated exposure to unprotected heights.

Dr. Ahearn found additional work limitations.   Some of these additional limitations are that Plaintiff was unable to perform work that required stooping and bending. The ALJ's RFC did limit Plaintiff to only occasionally crouching, kneeling and crawling which basically encompass Dr. Ahearn's limitations as to stooping and bending.   Further, Dr. Ahearn's own examination showed that Plaintiff "did a full squat" and "had lumbar forward flexion to fingertips even with ankles.   A good reversal of lumbar curve on extension.   He had similar good lateral rotational bending."   (Tr. p. 423). Dr. Ahearn's own examination conflicts with Dr. Ahearn's limitation of Plaintiff being unable to perform work that required stooping and bending.   Therefore, the Court determines that the ALJ's RFC generally included the limitations of stooping and bending, and restricted these activities to occasionally which is consistent with Dr. Ahearn's own examination. The Court finds that the ALJ did not err in failing to include limitations of stooping and bending.

Dr. Ahearn limited Plaintiff to jobs that did not require standing for more than 30 minutes at a time, and also limited Plaintiff from jobs that include sitting at a work station or data entry station, and determined Plaintiff would need a sit/stand option.   The ALJ noted Plaintiff's testimony that he was able sit for two hours at a time and was able to stand for only 30 to 40 minutes at a time before needing a break.   (Tr. p. 28).   Immediately after summarizing this testimony, the ALJ stated that after careful consideration of the evidence he did not find that Plaintiff was credible.

The ALJ reviewed the medical records including Dr. Ahearn's records and Plaintiff's chiropractor, Christopher Garner, D.C.'s records.   The ALJ noted that Plaintiff had a gap in treatment with his primary care physician for almost a year, and that Plaintiff's back pain was

relieved by his visits to a chiropractor.  (Tr. p. 28).  The ALJ noted that Plaintiff was not prescribed prescription pain medication and used Advil, which helped. (Tr. p. 28). Additionally, the ALJ considered Plaintiff's daily activities and determined that Plaintiff had a "fairly active and varied lifestyle and [these activities] are not indicative of a significant restriction of activities." (Tr. p. 29). Plaintiff lives alone and his daily activities include cooking cleaning, light yard work, driving, shopping, and socializing. (Tr. p. 29).   The ALJ noted that Plaintiff takes his dogs on long walks twice a day, fishes occasionally, exercises regularly by walking and the ALJ noted Plaintiff also did weight lifting. (Tr. p. 29). The ALJ determined that Plaintiff's activities of daily living are not consistent with Plaintiff's statements as to his limitations, but are consistent with the RFC set forth by the ALJ.

Plaintiff's activities of daily living are also not consistent with Dr. Ahearn's additional limitations of jobs that do not require standing for more than 30 minutes at a time, jobs that include sitting at a work station or data entry station, and jobs that require a sit/stand option. Plaintiff is able to perform all of his activities of daily living, take long walks twice a day with his dogs, and exercise regularly. The Court also took into account that Plaintiff had a year-long gap in seeking medical attention from his primary care physician, and was not prescribed prescription pain medication.   The ALJ's Decision included specific reasons to afford some weight to Dr. Ahearn's opinions, but not great weight, and the ALJ's decision to afford Dr. Ahearn's opinions some weight is supported by substantial evidence of record.   Some of Dr. Ahearn's limitations are not completely consistent with his own medical examination. Therefore, the ALJ did not err in affording Dr. Ahearn's opinion some weight.

### B.   Return to Past Relevant Work

Plaintiff asserts that the ALJ erred in finding that he could return to his past relevant work as a security guard.   Plaintiff argues that his past job as a security guard, as he actually performed it, required Plaintiff to lift 100 pounds or more, and the ALJ limited Plaintiff to lifting up to 20 pounds.   Further, Plaintiff contends that Plaintiff's job as a security guard is actually a composite job that included not only security guard requirements, but also the ability to unload delivery trucks and to set up tables and chairs. The Commissioner asserts that Plaintiff described his past relevant work as a security guard, and the vocational expert and the ALJ also considered Plaintiff's past relevant work to be as a security guard with a few additional duties such as setting up tables and receiving deliveries.   Further, the Commissioner argues that Plaintiff is able to return to his past relevant work as a security guard as it is generally performed in the national economy, and that his job was not a composite job.

A plaintiff bears the burden of showing that he can no longer perform his past relevant work as he actually performed it, or as it is performed in the general economy.   *Waldrop v. Comm'r. of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010). (citing *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986). Even though a plaintiff has the burden of showing he can no longer perform his past relevant work, the Commissioner has the obligation to develop a full and fair record.  *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).   To develop a full and fair record, an ALJ must consider all of the duties of that past relevant work and evaluate a plaintiff's ability to perform the past relevant work in spite of the impairments.   *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x 829, 831 (11th Cir. 2013). SSR 82-62 requires the ALJ to make the "following specific findings of fact: 1. A finding of fact as to the individual's RFC. 2. A

finding of fact as to the physical and mental demands of the past job/occupation. 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation."  SSR 82-62, 1982 WL 31386 *4 (1982).[2] A plaintiff is the primary source for vocational documents, and "statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work."  *Id.* at *3. A plaintiff must show that he is not "'able to perform his past *kind* of work, not that he merely [is] unable to perform a specific job he held in the past.'"  *Douglas v. Comm'r of Soc. Sec.*, 486 F. App'x 72 (11th Cir. 2012) (citing *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986)).

The ALJ solicited the testimony of a Vocational Expert at the hearing.   The ALJ summarized Plaintiff's past work.   (Tr. p. 62-4). The Vocational Expert noted that Plaintiff worked as a security guard at the Medieval Times for a period of approximately a year.   (Tr. p. 63-4).   The Vocational Expert noted that a security guard job is considered light work, but as Plaintiff actually performed it including setting up table and hauling things, would not fall within the parameters of the Dictionary of Occupational Titles ("DOT") definition of light. (Tr. p. 64). The Vocational Expert did not consider these additional duties to fall within the definition of a composite job, and determined Plaintiff could return to his past relevant work as a security guard as generally performed in the national economy.

A composite job is "one that has significant elements of two or more occupations and, as such, has no counterpart in the DOT.  *Paxton v. Colvin*, 2013 WL 1909609, *4 (M.D. Fla. May 8, 2013).   In this case, the ALJ relied on the Vocational Expert to determine Plaintiff's past

---

2 "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. [citation omitted].   Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference . . ."  *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010).

relevant work, and the Vocational Expert considered the testimony of Plaintiff and the information in the record to determine that Plaintiff's past relevant work was as a security guard, DOT 372.667-030 with a few additional duties.   Therefore, the Court determines that the ALJ did not err in determining that Plaintiff's past relevant work as a security guard was not a composite job.

### C.   Earnings Records

Plaintiff argues that the ALJ erred in determining that Plaintiff's work as a security guard was substantial gainful employment because his earnings showed that he only earned $1,702.78 while performing this job.   To determine if a plaintiff has engaged in substantial gainful employment, the commissioner considers the nature of the work, how well a plaintiff performed, how much time a plaintiff spent at work, and whether the work was done under special conditions or in a sheltered workshop.   *Green v. Comm'r of Soc. Sec.*, ___ F. App'x ____, 2014 WL 503557, *2 (11th Cir. Feb. 10, 2014). A primary consideration for substantial gainful employment is a plaintiff's earnings from the work.   *Id.* "If a claimant receives wages exceeding those set out in an earnings guidelines table, a presumption arises that she was engaged in substantial gainful activity during that period."   *Id.* (citing 20 C.F.R. §§404.1574(b)(2); 416.974(b)(2) and *Johnson v. Sullivan*, 929 F.2d 596, 598 (11th Cir. 1991).

In this case, the earnings records included in the Transcript only showed that Plaintiff earned $1,702.78 as a security guard with Medieval Times.   (Tr. p. 216).   However, Plaintiff testified at the hearing that he worked as a security guard at Medieval Times for about a year, working three days a week, eight-hour days.   (Tr. p. 66).   Plaintiff also completed forms indicating the same. (Tr. p.172). The ALJ noted that Plaintiff worked as a security guard for approximately a year, and he worked for $10.00 per hour, eight hours a day, three days a week.

(Tr. p 30). The Court will accept the Plaintiff's testimony and documents of record over earnings records that appear to be incomplete.   Therefore, the Court determines that the ALJ did not err in determining that Plaintiff's prior job as a security guard was substantial gainful employment.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the Commissioner is supported by substantial evidence and decided according to proper legal standards.

**IT IS HEREBY ORDERED:**

The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. §405(g).   The Clerk is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on July 15, 2014.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties